NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH A. JOHNSON, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY; METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Defendants-Appellees. | No. 18-35581 <br><br> D.C. No. 3:17-cv-05397-RBL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 16, 2019**
Seattle, Washington

Before: O'SCANNLAIN and FRIEDLAND, Circuit Judges, and PAULEY,*** District Judge.

Deborah A. Johnson challenges the district court's refusal to order the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

Metropolitan Life Insurance Company ("MetLife") as the administrator of General Electric Company's ("GE") disability-insurance plan (the "Plan") to pay her additional long-term disability benefits. The facts are known to the parties, so we do not repeat them here.

First, Johnson claims that MetLife miscalculated the benefits owed to her under the Plan. We disagree. The Plan bases Johnson's benefits on her "normal-straight time annual earnings" ("NSTAE"). Under the Plan's terms, Johnson's NSTAE includes the amount she was "earning as salary," unless GE's Pension Board "provide[s]" that it also includes "commissions," "other variable compensation," or "special or supplemental payments." MetLife calculated Johnson's disability benefits based on an annual salary of $219,300, and Johnson's payroll records corroborate that her salary was in fact $219,300. Johnson offers no evidence that the Pension Board determined that her NSTAE should include other compensation. Therefore, the district court did not err in concluding that Johnson failed to prove her claim for benefits.

Second, Johnson argues that the district court erred by admitting extrinsic evidence—specifically, the declarations of GE and MetLife employees. We disagree. Such extrinsic evidence was "necessary to conduct an adequate de novo review of the benefit decision," *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (emphasis and internal quotation marks

omitted), because it rebuts Johnson's claim that her salary was $350,446 per year instead of $219,300. Without such evidence, the administrative record reflects only competing assertions from the parties about Johnson's earnings in the year before her disability. Therefore, the district court did not err in admitting such evidence.

Finally, Johnson argues that GE and MetLife failed to comply with certain procedural requirements in the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 *et seq.* We need not reach these arguments, however, because they cannot affect this case's outcome. Johnson's sole cause of action is 29 U.S.C. § 1132(a)(1)(B), which authorizes her "to recover benefits," "to enforce [her] rights," or "to clarify [her] rights to future benefits" under the Plan's terms. *See also CIGNA Corp. v. Amara*, 563 U.S. 421, 435–38 (2011). Here, the district court conducted a *de novo* review of MetLife's calculations and concluded that Johnson's benefits were correctly determined. We agree, and therefore Johnson is not entitled to any further relief.

**AFFIRMED.**